# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PEDERSEN PRODUCTION, INC.
D/B/A/ SUNBELT BUSINESS BROKERS
AND/OR SUNBELT BUSINESS ADVISORS,

        Plaintiff,

v.                            Case No. 06-2252-JWL-DJW

ROBERT KETCHAM, et al.,

        Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Pedersen Production Inc., d/b/a Sunbelt Business Brokers and/or Sunbelt Business Advisors ("plaintiff") and defendants Robert Ketcham, Jim Langland, Jim Kaldenberg and The Trium Group, ("defendants"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby ORDERED:

1.     Purpose of Order. The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or business relationships.

2. Confidential Information. The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have further agreed that these categories of documents consist of information relating to the following topics: non-public, confidential financial and/or net worth information of the parties, including tax returns, annual reports that have not been made public, and non-public profit and loss statements and balance sheets.

3. Designating documents and interrogatory answers as confidential. Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraph 2 may be designated as Confidential Information. Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 2 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 2. Alternatively, any party may, on the record at the deposition,

designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

    4.    Disclosure of Confidential Information. Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    (a)    The parties;

    (b)    Their counsel, counsel's legal and clerical assistants and staff;

    (c)    Persons with prior knowledge of the documents or the Confidential Information contained therein;

    (d)    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    (e)    Any independent document reproduction services or document or video recording and retrieval services; and

    (f)    Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and counsel shall not disclose Confidential Information until such persons agree to be bound by this Order.

    5.    Disputes Concerning Designation(s) of Confidential Information. In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute

cannot be resolved informally, the party posing the confidentiality of the information may apply for appropriate relief from this Court.

6.     Binding Effect of This Order.  This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees.

7.     Return of Confidential Information.  At the conclusion of this litigation the parties' respective counsel shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order.  If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel may destroy such records at their option.  The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 13th day of December, 2006.


                                        s/ David J. Waxse
                                        David J. Waxse
                                        United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT

DAVIS KETCHMARK & McCREIGHT, P.C.

By     /s/ Michael S. Ketchmark
Michael S. Ketchmark - #70217
Scott A. McCreight - #14103

2345 Grand Boulevard, Suite 2110
Kansas City, Missouri 64108
Telephone:     816/842-1515
Facsimile:     816/842-4129
E-Mail:     msk@dkelaw.com
E-Mail:     smccreight@dkelaw.com

Attorneys for Plaintiff

And

SPEER LAW FIRM, P.A.

By     /s/ Charles F. Speer
Charles F. Speer (KS ID 11193)
Donnamarie Landsberg (KS ID 15265)
Tammy R. Dodson (KS ID 16543)

104 W. 9th Street, Suite 305
Kansas City, MO  64105
Phone:  (816) 472-3560
Fax:  (816) 421-2150
cspeer@speerlawfirm.com
dlandsberg@speerlawfirm.com
tdodson@speerlawfirm.com

Attorneys for Defendants